# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4022 | **DATE** | 5/14/2001 |
| **CASE TITLE** | Clark vs. Robert W. Baird Co., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendants' motion to dismiss the amended complaint (32-1) is granted with respect to Counts III and IV. The motion to dismiss with respect to counts I and II is converted to a motion for summary judgment. Defendants have until 5/25/01 to submit any additional material in support of summary judgment. Response will be due by 6/15/01; and any reply by 6/29/01. Ruling set for 7/20/01 at 9:30 a.m. Defendants' motion to strike paragraphs of plaintiff's amended complaint is denied. Defendants' joint motion to stay discovery is granted. All schedules including pretrial conference, and trial are vacated. Enter Memorandum Opinion and Order.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 4 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | MAY 14 2001 date docketed | 44 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | IS docketing deputy initials | |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | 5/14/2001 date mailed notice | |
| | Copy to judge/magistrate judge. | 01 MAY 14 AM 11:54 | | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

VINCENT CLARK, )
 )
        Plaintiff, )
 )
v. )
 ) No. 00 C 4022
ROBERT W. BAIRD CO., INC. and )
KENNETH FOX, )
 )
        Defendants. )

## MEMORANDUM OPINION AND ORDER

Vincent Clark, a professional football player and resident of Ohio, sues his brokerage company, Robert W. Baird Co., Inc., a Wisconsin corporation ("Baird"), and its Illinois agent, Kenneth Fox, for alleged breach of contract (count I), breach of fiduciary duty (count II), fraud (count III) and for civil violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq. (count IV). The defendants move to dismiss the complaint as barred by the statute of limitations, or in the alternative, for failure to state a claim, or for failure to satisfy the heightened pleading requirements of Fed. R. Civ. P. 9(b). The motion is granted in part.

I.

The facts of this case are somewhat difficult to discern from Mr. Clark's complaint, but the essence of his claim appears to be that Mr. Fox and Baird, Mr. Fox's employer, together with Michael Weisberg, an accountant and investment advisor, defrauded him in

some way. Mr. Clark claims that he entered into a contractual relationship with Baird in which Baird would manage his personal investment accounts, and that Mr. Fox promised him that Baird would make all investment decisions about his buying and selling from his account in consultation with him and that he would have "sole control" over his investment accounts at Baird. He claims that these promises induced him to invest with Baird.

However, Clark says, the defendants did not keep these promises, and had no intention of keeping them. Instead, the defendants "allowed [Mr.] Weisberg to instruct [them] with respect to the buying and selling of hundreds of thousands of dollars of investment securities on behalf of [Mr.] Clark from approximately June of 1991 until August of 1994." Mr. Weisberg has referred several professional athlete clients like Mr. Clark to Baird. In exchange, Baird gave Mr. Weisberg reduced fee transactions in his own personal accounts with Baird. They took his instructions on the other professional athletes' accounts, too. The defendants allegedly engaged in frequent buying and selling of securities, churning transaction fees for themselves, which is a securities fraud. At the instruction of Mr. Weisberg, the defendants also allegedly withdrew $440,000 from Mr. Clark's account between 1991 and 1994 without informing Mr. Clark. They turned this money over to Mr. Weisberg directly or invested it in Mr. Weisberg's business ventures.

II.

On a motion to dismiss, I accept all well-pleaded factual allegations of the plaintiff and draw all reasonable inferences in his favor. *Colfax Corp. v. Illinois State Toll Highway Auth.*, 79 F.3d 631, 632 (7th Cir. 1996). Dismissal is only appropriate if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. *Id.*

III.

Defendants argue that Mr. Clark fails to plead his RICO claim with particularity as required by Fed. R. Civ. P. 9(b), and that he fails to state a claim for a civil RICO violation. Mr. Clark brings his claim under the "enterprise" prong of RICO, 18 U.S.C. § 1962(c). To state a claim for a § 1962 violation, a plaintiff must allege that (1) the defendants were employed by or associated with an "enterprise" that was engaged in activities that affect interstate commerce, and (2) the defendants conducted or participated in the conduct of the enterprise through a "pattern of racketeering activity." *Haroco v. American Nat'l Bank & Trust Co. of Chicago*, 747 F.2d 384, 387 (7th Cir. 1984). Civil RICO claims that rely on fraud claims must comply with the particularity pleading requirement of Fed. R. Civ. P. 9(b). *Goren v. New Vision Int'l, Inc.*, 156 F.3d 721, 726 (7th Cir. 1998).

A.

Mr. Clark pleads on information and belief that the defendants issued checks from his account and from the other professional athletes' accounts, without the knowledge or authorization of the account holders, to bank accounts controlled by Weisberg, and that they did so by electronic transfer or use of the U.S. Mail. He also alleges that the defendants wrote two checks, attached to his Amended Complaint, from his account directly to Mr. Weisberg. He also alleges that the defendants wrote several checks, totaling in excess of $440,000 to a Harris Bank account in Mr. Clark's name that was controlled by Mr. Weisberg.[1] Finally, he says that they wrote a $25,000 check out of his account payable to a business associated with a golf course investment of Mr. Fox and Mr. Weisberg, but he does not attach this check or identify the date of the transaction.

Rule 9(b) requires the plaintiff to plead "the who, what, when, where, and how [of fraud]: the first paragraph of any newspaper story." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Mr. Clark does not identify the dates, parties or circumstances of any alleged acts of wire fraud, so his claims of wire fraud are insufficient to constitute predicate acts of racketeering. In addition, Mr. Clark has alleged that there were

---

[1] He attaches checks that were deposited in the Harris Bank account that add up to $440,000, but that includes one of the checks made out to Mr. Weisberg for the benefit of Mr. Clark.

-4-

at least eleven other professional athlete clients at Baird who were victims of Baird's "churning," but securities fraud is not actionable under civil RICO. See § 1964(c).

Mr. Clark's allegations of mail fraud against the other professional athlete clients also fall short of the particularity requirements of Rule 9(b). For the "who" in a case with multiple defendants, the plaintiff must specify which defendants were responsible for specific statements or actions. *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 778 (7th Cir. 1994). For the "when," it is not enough to merely allege a period of months or years, or the duration of the activity. *Servpro Indus., Inc. v. Schmidt*, No. 94 C 5866, 1997 WL 361591, at *8 (N.D. Ill. June 20, 1997) (Ashman, M.J.). Although Mr. Clark attaches signed and dated checks for the claims of mail fraud that he alleges the defendants committed against him, he does not sufficiently identify the alleged transactions that defrauded the other clients. Mr. Clark says only that "the defendants" wrote and mailed checks from the accounts of the other professional athlete clients, and he does not identify any time period for the transactions from the accounts of the other clients, but only alleges that it continued for a period in excess of twelve months. The only transactions that are described with sufficient specificity to be predicate acts for a civil RICO claim are the ones from Mr. Clark's account for which he

attaches checks.[2]

A "pattern of racketeering activity" requires at least two predicate acts of racketeering within a ten year period. § 1961(5). Mr. Clark alleges that the defendants committed mail fraud, 18 U.S.C. § 1341, by mailing checks from his account to Mr. Weisberg. It is not enough merely to allege two predicate acts; a plaintiff must show that the criminal activity is continuous (or that there is a threat of continuity) and that the predicate acts are related. *Hartz v. Friedman*, 919 F.2d 469, 472 (7th Cir. 1990). The Seventh Circuit evaluates the "pattern" requirement with reference to four factors: "(1) the number and variety of predicate acts and the length of time over which they were committed; (2) the number of victims; (3) the presence of separate schemes; and, (4) the occurrence of distinct injuries." *Id.* (citations omitted). The raw number of acts alleged is not determinative of whether a "pattern" of racketeering activity exists, particularly when the only predicate acts alleged are mail or wire fraud. *Id.* at 473. Moreover, the Seventh Circuit is reluctant to recognize a pattern where there is only one victim. *Id.* Mr. Clark was the only victim of the alleged mail fraud involving checks from his account. Although he arguably suffered

---

[2] This should not be interpreted as a requirement that he attach *proof* of the transactions to his complaint; it would be enough to allege the dates and amounts and parties from each check, but since he does not do this, the checks themselves provide the required specificity.

a distinct injury from each transfer of funds from his Baird account, the injuries are all of the same type--the loss of money from his account--and all of the acts of mail fraud relate to the same one scheme to defraud him of his money. Mr. Clark concedes that this activity has ceased with regard to him, so there can be no threat of continuing mail fraud against him. While no single factor here is determinative, *see United States Textiles, Inc. v. Anheuser-Busch Cos., Inc.*, 911 F.2d 1261, 1268 (7th Cir. 1990), weighing all of these factors, Mr. Clark has failed to establish a "pattern of racketeering activity."

B.

In addition, Mr. Clark fails to adequately identify an "enterprise," which is defined as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." § 1961(4). An "enterprise needs to be something more than just the pattern of racketeering activity. 'Otherwise two statutory elements--enterprise and pattern--would be collapsed into one.'" *United States v. Korando*, 29 F.3d 1114, 1117 (7th Cir. 1994) (citation omitted). The "something more"--the hallmark of an enterprise--is structure. *Id.* An "enterprise is an ongoing 'structure' of persons associated through time, joined in purpose, and organized in a manner amenable to hierarchical or consensual decision-making." *Jennings*, 910 F.2d at 1440.

The single allegation in Mr. Clark's Amended Complaint relating to the existence of an enterprise is that "the Defendants began engaging in and/or conducting an enterprise through their 'pattern of corrupt activity' in 1991 and this conduct continues through the present filing of this Amended Complaint." This is facially insufficient, because it defines the enterprise only by the pattern of racketeering activity, but "an enterprise is defined by what it is, not what it does." *Jennings*, 910 F.2d at 1440. There is no allegation of a separate enterprise structure, and none can be inferred from the facts as Mr. Clark has pleaded them. His claim is that Baird, Mr. Fox and Mr. Weisberg "act[ed] jointly and severally, and in concert" with each other to deprive Mr. Clark of the use of his money. Although this may describe a conspiracy, not every conspiracy is an enterprise for RICO purposes. *Bachman v. Bear, Stearns & Co., Inc.*, 178 F.3d 930, 932 (7th Cir. 1999). Even though duration and differentiation of roles may be necessary to make up an enterprise, they are not always sufficient. *Id.* Mr. Clark has not alleged that there is any structure that is distinct from the actions of the conspirators, so he has failed to identify an enterprise. The defendants' motion to dismiss is granted with respect to Count IV.

### III.

Mr. Clark also invoked diversity of citizenship as an alternative ground for jurisdiction, so I may reach the defendants'

objections to his state claims.[3]

A.

The defendants argue that Mr. Clark has failed to plead his fraud claim with particularity. Rule 9(b) requires the plaintiff to plead the who, what, when, where and how of the alleged fraud. *DiLeo*, 901 F.2d at 627. The statement that is the basis of Mr. Clark's fraud claim is Mr. Fox's representation that Baird would be making all investment decisions in consultation with Mr. Clark and that Mr. Clark would have sole control over his accounts. Mr. Clark does not explain how this is fraudulent. If his claim is that the statement was fraudulent because Mr. Fox and Baird knew that they were not going to perform their end of the bargain, Mr. Clark fails to state a claim. In Illinois, "misrepresentations of intention to perform future conduct, even if made without a present intention to perform, do not generally constitute fraud." *HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.*, 545 N.E.2d 672, 682 (Ill. 1989). So-called "promissory fraud" may be actionable only if "the false promise or representation of future conduct is alleged to be the scheme employed to accomplish the fraud." *Id.*

---

[3] Mr. Clark used the word "resident" rather than "citizen" in his Amended Complaint. The basis for jurisdiction under § 1332 is diversity of citizenship, not of residence. The Seventh Circuit has held that this mistake may be grounds for dismissal, *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998), but because his citizenship is clear, I will not impose so harsh a sanction for a purely technical error.

Promissory fraud is a disfavored cause of action in Illinois because it is "easy to allege and difficult to prove or disprove." *Bower v. Jones*, 978 F.2d 1004, 1012 (7th Cir. 1992). Thus there is a "deliberately high" burden on a plaintiff claiming promissory fraud: "In order to survive the pleading stage, a claimant must be able to point to *specific, objective manifestations of fraudulent intent*--a scheme or device." *Id.* (citing *Hollymatic Corp. v. Holly Sys., Inc.*, 620 F. Supp. 1366, 1369 (N.D. Ill. 1985)) (citations omitted) (emphasis added). Similar concerns explain the heightened fraud pleading requirements of Fed. R. Civ. P. 9(b). *See Vicom*, 20 F.3d at 777. Mr. Clark merely alleges that the defendants knew that Mr. Fox's statements were false when he made them. Mr. Clark has not pointed to any evidence of the defendants' intent, and even if he could, he could not show that the false promise to perform was the "scheme or artifice" used to deprive him of his money; he has already alleged that the "schemes" alleged to accomplish the fraud in this case were the "churning" and the transfer of money from Mr. Clark's account to Mr. Weisberg's control. The defendant's motion to dismiss is granted as to Count III.

B.

The defendants argue that Mr. Clark has failed to state a claim for breach of contract against Mr. Fox because he was acting as a disclosed agent for Baird, so he cannot be personally liable for acts committed on behalf of Baird. *See Dunlop v. McAtee*, 333 N.E.2d

-10-

76, 79 (Ill. App. Ct. 1975). Of course, an agent acting outside the scope of his authority may be personally liable on contracts that he makes. *Clark v. Maddux*, 454 N.E.2d 1179, 1181 (Ill. App. Ct. 1983). Mr. Clark alleged that "Mr. Fox was acting within and/or outside the scope of his employment with Baird." Pleading in the alternative is permitted under Fed. R. Evid. 8(a); even if Mr. Clark cannot ultimately recover on both theories, I will not require him to choose between them at this stage. He has not plead any facts that are inconsistent with either claim, so he has stated a claim against Mr. Fox for breach of contract.

The defendants also argue that Mr. Clark has failed to state a claim for breach of fiduciary duty against Mr. Fox because there is no fiduciary duty between a broker and his customer. However, there are issues of fact as to Mr. Clark's knowledge of and consent to the transaction that affect the determination of whether the defendants owed him any fiduciary duty. *See In re Oberweis Secs., Inc.*, No. 98 B 11283, 1992 WL 119272, at *10 (Bankr. N.D. Ill. May 21, 1992) (holding that broker who assumes control over non-discretionary account may be held to same fiduciary duty as broker of discretionary account).

C.

Mr. Clark's knowledge of and consent to the transactions and disbursements from his account are also determinative of the defendants' arguments that all of Mr. Clark's claims, which arose

-11-

between 1991 and 1994, are barred by the statutes of limitations. For the state law claims, I apply the Illinois statute of limitations. *See Ogden Martin Sys. of Indianapolis, Inc. v. Whiting Corp.*, 179 F.3d 523, 528 (7th Cir. 1999). In Illinois, fraud and breach of fiduciary duty are subject to a five-year statute of limitations, measured from the accrual of the cause of action. 735 ILCS 5/13-205. For most torts, the cause of action accrues when the plaintiff suffers injury. *Hermitage Corp. v. Contractors Adjustment Co.*, 651 N.E.2d 1132, 1135 (Ill. 1995). Illinois applies a "discovery rule" to mitigate the harsh application of the statute of limitations and tolls the statute of limitations until the plaintiff knew or reasonably should have known that he has been injured and that his injury was wrongfully caused. *Id.* However, the discovery rule will not operate to toll the statute of limitations where a plaintiff has enough information about his injury to apprise a reasonable person of the need for further inquiry to determine whether a legal wrong has been committed. *Young v. McKiegue*, 708 N.E.2d 493, 501 (Ill. App. Ct. 1999). Whether a plaintiff should have known of the need for inquiry is an objective determination to be made by the trier of fact. *Id.*

The statute of limitations is ten years for breach of a written contract, 735 ILCS 5/13-206, and five years for breach of an oral contract, *id.* at § 205, measured from the date of the breach. *Hermitage Corp.*, 651 N.E.2d at 1135. Mr. Clark alleges that his

cause of action is one for breach of written contract, and he refers to the "New Account Form" attached to his complaint as Exhibit D. The defendants argue that it is not a contract because it does not contain any of the duties or obligations allegedly breached.

Illinois courts strictly construe the meaning of "written contract"; a contract is considered written for the purposes of § 206 "if all essential terms are reduced to writing and can be ascertained from the instrument itself." *Toth v. Mansell*, 566 N.E.2d 730, 733 (Ill. App. Ct. 1990). If parol evidence is necessary to make the contract complete, then it is treated as an oral contract for the purposes of the statute of limitations. *Id.* A claim is not based on a written contract "merely because it is indirectly connected with the writing or because the writing may be a link in the chain of evidence establishing liability." *Held v. Held*, 137 F.3d 998, 1001 (7th Cir. 1998) (citations omitted).

Here the "New Account Form" on which Mr. Clark purports to base his claim is a one-page document from Baird with Mr. Clark's name, address, occupation and estimated income and net worth. It describes the income objective as "income safety of principal" and indicates that trading is authorized, but the authorization is limited rather than general. The alleged contractual duties, *viz.* informing Mr. Clark that control of funds had been turned over to a third party and notifying Mr. Clark of withdrawals from his account, do not appear on the face of the "New Account Form."

Additional or parol evidence would be necessary to make this form a contract; Mr. Clark admits as much when he alleges that Fox told him that Baird would make all investment decisions in consultation with Mr. Clark and that Mr. Clark would have sole control over his own investments. Although the form may be evidence of some contractual relationship, it is not a written contract, so the five-year statute of limitations for oral contracts applies. Because the alleged breaches occurred prior to August 1994 and the original complaint was not filed until October 1999, the breach of contract claim is time-barred.

Although the "discovery rule" is not typically applied to straight breach of contract claims in Illinois, see *Sinclair v. Bloom*, No. 94 C 4465, 1996 WL 264725, at *4 (N.D. Ill. May 15, 1996) (Coar, J.), Mr. Clark may avoid the application of the statute of limitations if he can show that the defendants fraudulently concealed his cause of action from him. 735 ILCS 5/13-215. Generally, fraudulent concealment requires that the defendant took affirmative steps or made representations to conceal the cause of action. *Terrell v. Childers*, 920 F. Supp. 854, 860 (N.D. Ill. 1996). Silence alone does not constitute fraudulent concealment unless the defendant occupies a fiduciary relationship to the plaintiff. *Hagney v. Lopeman*, 590 N.E.2d 466, 468-69 (Ill. 1992). However, "the allegedly fraudulent statements or omissions that form the basis of the [§ 215 claim] may not constitute fraudulent

concealment in the absence of showing that they tend to conceal the cause of action." *Barratt v. Goldberg*, 694 N.E.2d 604, 608 (Ill. App. Ct. 1998).

The timeliness of Mr. Clark's state law claims turns on the resolution of the factual question of whether Mr. Clark knew or had reason to know of the transactions and disbursements from his account. The defendants attach an affidavit to their motion to dismiss in which the Managing Director and Director of Client Services of Baird states that Baird sent monthly account statements and confirmations to Mr. Clark that itemized transactions and other activity in his account. In his response to the motion to dismiss, Mr. Clark claims that he never received monthly account statements.[4] On a motion to dismiss, I may not consider matters outside of the pleadings, such as the defendants' affidavit, unless I convert the motion to one for summary judgment. Fed. R. Civ. P. 12(b); *Travel All Over the World v. The Kingdom of Saudi Arabia*, 73 F.3d 1423, 1430 (7th Cir. 1996). If I convert the motion to one for summary judgment, I must give all of the parties a reasonable opportunity to present all pertinent material. *Id.* I find that this procedure is appropriate in this case. The resolution of the defendants' statute of limitations claim turns on the narrow factual question

---

[4] Although this allegation does not appear in his complaint, a plaintiff may supplement his complaint with additional facts in a brief in response to a motion to dismiss, so long as the facts are consistent with the allegations in the complaint. *Albiero v. City of Kankakee*, 122 F.3d 417, 419 (7th Cir. 1997).

of whether Mr. Clark received monthly account statements. Accordingly, defendants are given until May 25 to submit any additional material in support of summary judgment based on the statute of limitations, including a Local Rule LR56.1 statement. Plaintiffs have until June 15, 2001 to respond. Any reply is due June 29. Ruling will be July 20, 2001, at 9:30 a.m.

IV.

The defendants' motion to dismiss is GRANTED with respect to counts III and IV. I convert the motion to dismiss to one for summary judgment with respect to counts I and II. The defendant's motion to strike paragraphs of Mr. Clark's Amended Complaint is DENIED. Paragraph 49, relating to Mr. Weisberg's lack of insurance, may not be relevant to this case, but it is not so scandalous that I find it must be stricken. The defendants do not identify the numbers of the other paragraphs they wish to strike, and the references to non-parties are anyhow relevant.

ENTER ORDER:

*Elaine L Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: May 14, 2001

Copies have been mailed to:

B. Franco Laterza
Laterza & Lofgren
566 W. Adams Street, #750
Chicago, IL  60661

Shawnell Williams
Kegler, Brown, Hill & Ritter
65 E. State Street, #1800
Columbus, OH  43215

Attorneys for Plaintiff

David A. Baugh
Kovitz, Shifrin & Waitzman
55 W. Monroe Street, #600
Chicago, IL  60603

Robert A. Winter, Jr.
Hemmer Spoor Pangburn DeFrank & Kasson
250 Grandview Drive, #200
Fort Mitchell, KY  41017

Attorneys for Defendants