| | United States District Court, Northern District of Illinois | | |
|---|---|---|---|
| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
| | | DATE | 7/16/2001 |
| CASE NUMBER | 00 C 4022 | | |
| CASE TITLE | Clark vs. Robert W. Baird Co, et al. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order granting defendants' motion for summary judgment on counts I and II of the amended complaint. This court having previously granted defendants' motion to dismiss counts III and IV of the amended complaint, judgment is entered in favor of defendants and against plaintiff and the case is terminated. Any pending motion in this case is terminated as moot.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | 3 number of notices | |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | JUL 17 2001 date docketed | |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | cm docketing deputy initials | |
| ✓ | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | 7/16/2001 date mailed notice | |
| MPJ | courtroom deputy's initials | MPJ mailing deputy initials | |

FILED FOR DOCKETING
01 JUL 16 PM 6: 16

Date/time received in central Clerk's Office

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

VINCENT CLARK,

      Plaintiff,

v.                                      No. 00 C 4022

ROBERT W. BAIRD CO., INC. and
KENNETH FOX,

      Defendants.

DOCKETED
JUL 17 2001

### MEMORANDUM OPINION AND ORDER

Vincent Clark is a former professional football player who, through his broker, invested money with Robert W. Baird & Co. ("Baird"). He alleges that he lost money because his broker, Michael Weisberg (not a defendant in this action), authorized unwise or illegal transactions from Mr. Clark's Baird account. Mr. Clark sued Mr. Weisberg,[1] and he now seeks recovery from Baird. He originally filed this action in the Ohio Court of Common Pleas on October 22, 1999. The defendants removed the case to federal court on the basis of diversity jurisdiction and transferred it to this district. Mr. Clark's amended complaint alleged breach of contract (Count I), breach of fiduciary duty (Count II), fraud (Count III) and civil RICO violations (Count IV). After dismissing Counts III and IV, I converted Baird's motion to dismiss Counts I and II to one for summary judgment on the issue of whether those claims were

---

[1] *Clark v. Weisberg*, No. 98 C 6214 (N.D. Ill. filed Oct. 5, 1998), was dismissed without prejudice after the defendants in that case filed for bankruptcy.



barred by the statute of limitations. See *Clark v. Baird*, 142 F. Supp. 2d 1065, 1076 (N.D. Ill. 2001).

I.

Mr. Clark met with Baird through its agent, Kenneth Fox, in June 1991, and entered into an oral agreement, the exact terms of which are unclear. Mr. Clark says he had a discretionary account, which means that Baird would decide which investments to make for him. He also says that Mr. Fox promised that Baird would provide Mr. Clark with information about the investments, and that Mr. Fox would ultimately be the one to choose investments. From 1991 to September 1994, Mr. Clark says that Baird took orders with respect to Mr. Clark's account from Mr. Weisberg, and that Baird allowed Weisberg to make trades and withdraw money from Mr. Clark's account without a written authorization. Baird says that it sent monthly account statements, but Mr. Clark denies receiving them. Mr. Clark discovered Mr. Weisberg's alleged wrongdoing sometime before he filed suit against him in 1998, but he says that he did not discover Baird's role until Mr. Fox's deposition on August 12, 1999.

II.

Summary judgment is appropriate where the record and affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). I must construe the facts in t

2

light most favorable to the non-moving party and draw all reasonable and justifiable inferences in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Mr. Clark's oral contract and fiduciary duty claims are subject to a five year statute of limitations. *Clark*, 142 F. Supp. 2d at 1074-75. The alleged injuries occurred between 1991 and September 1994, but Mr. Clark did not file his complaint until October 1999, so his claims are barred unless some equitable or statutory tolling device applies. The Illinois Supreme Court has approved application of the "discovery rule" to actions involving "tort, tort arising from contract, or other breach of contractual duty." *Hermitage Corp. v. Contractors Adjustment Co.*, 651 N.E.2d 1132, 1136 (Ill. 1995). The discovery rule delays the accrual of a cause of action (and hence the start of the clock on the statute of limitations) until the plaintiff "knows or reasonably should know of an injury and that the injury was wrongfully caused." *Clay v. Kuhl*, 727 N.E.2d 217, 220 (Ill. 2000). A plaintiff is deemed to know that his injury is "wrongfully caused" when he "becomes possessed of sufficient information concerning his injury and its cause to put a reasonable person on inquiry to determine whether actionable conduct is involved." *Knox College v. Celotex Corp.*, 430 N.E.2d 976, 980-81 (Ill. 1981). A claim for breach of fiduciary duty is governed by the laws of equity, agency and contract, *see Kinzer v. City of Chicago*, 539 N.E.2d 1216, 1220

3

(Ill. 1989), so it is an action for "other breach of contractual duty", subject to the discovery rule.

The common law discovery rule does not ordinarily apply to straight breach of contract claims, see *Sinclair v. Bloom*, No. 94 C 4465, 1996 WL 264725, at *4 (N.D. Ill. May 15, 1996) (Coar, J.), but such claims may be subject to the tolling provision of 735 ILCS 5/13-215, which says that, if the defendant has fraudulently concealed the cause of action from the plaintiff, the plaintiff may bring the action within five years of discovering it. Ordinarily, § 13-215 requires affirmative acts of concealment by the defendant, *Cramsey v. Knoblock*, 547 N.E.2d 1358, 1365 (Ill. App. Ct. 1989), and reasonable investigation, or diligence, of the plaintiff in discovering the injury, *Melko v. Dionisio*, 580 N.E.2d 586, 593 (Ill. App. Ct. 1991). The existence of a fiduciary duty eliminates both of these requirements. *Id.* at 593-94. A broker owes a fiduciary duty to its clients when it exercises discretion over the client's accounts. *Martin v. Heinold Commodities, Inc.*, 510 N.E.2d 840, 845 (Ill. 1987). Mr. Clark says that the account was discretionary and Baird says it was not, but neither party points to any evidence to support its position. However, even assuming that the account was discretionary and Baird owed a fiduciary duty, § 13-215 excuses only the duty to ascertain facts, not the duty to act on facts of which the plaintiff has actual or constructive knowledge. *Melko*, 580 N.E.2d at 594. That is, a fiduciary

4

relationship does not eliminate the plaintiff's duty to investigate wrongdoing once an injury is known. Thus the application of both the discovery rule and § 13-215 depends on a determination of when Mr. Clark knew or reasonably should have known of the allegedly unauthorized transactions.

Here, Baird says that it sent monthly account statements to Mr. Clark. It supports its motion with statements from June 1991 to September 1994 that itemize all account activity, including the stock trades and checks that form the basis of this suit, and an affidavit from its Manager of Client Services stating that it sent the statements to Mr. Clark at the addresses provided to it. In Illinois, there is a presumption that a letter mailed with the proper address and postage is received. *Liquorama, Inc. v. American Nat'l Bank & Trust Co. of Chicago*, 408 N.E.2d 373, 375 (Ill. App. Ct. 1980). The presumption may be rebutted by evidence that the letter was not received, *First Nat'l Bank of Antioch v. Guerra Constr. Co., Inc.*, 505 N.E.2d 1373, 1376 (Ill. App. Ct. 1987), or evidence that the letter bore an incorrect address. *Liquorama*, 408 N.E.2d at 376. Once rebutted, the issue becomes a question of fact for the jury. *Id.* at 375.

The account statements attached to Baird's motion bear three different addresses: (1) 5710 Lantana Ave., Cincinnati, Ohio 45224 (June 1, 1991 to June 25, 1993); (2) 210 W. Smoketree Terrace, Alpharetta, Georgia 30204 (June 26, 1993 to October 29, 1993); and

5

(3) 220 W. Smoketree Terrace, Alpharetta, Georgia 30202 (October 30, 1993 to September 30, 1994). In his brief, Mr. Clark says that he "never received" any of the statements produced by the defendant, and cites to his own affidavit. Arguments in brief are not evidence, *Box v. A & P Tea Co.*, 772 F.2d 1372, 1379 n.5 (7th Cir. 1985), so they are insufficient to rebut the presumption of mailing. To create a question of fact, Mr. Clark may not rest on mere allegations, but must come forward with evidence. *Brill v. Lante Corp.*, 119 F.3d 1266, 1275 (7th Cir. 1997).

In his affidavit, Mr. Clark says that he never lived at address (1) from 1991 to 1994. He also attaches the affidavits of his parents, who state that they lived at address (1) until December 1991, and that they had their mail forwarded after they moved, but that they never received any mail from Baird for Mr. Clark. Mr. Clark also says in his affidavit that he never lived at address (2); this is sufficient evidence of an improper address to rebut the presumption for the statements sent to addresses (1) and (2). However, he does not say anywhere in his affidavit that he did not receive the statements sent to address (3), and he admits in his brief that address (3) was his correct address.[2] He says in

---

[2] Factual assertions in pleadings or stipulations by a party or its counsel are judicial admissions, binding on the party making them. *Keller v. United States*, 58 F.3d 1194, 1199 n.8 (7th Cir. 1995). Judicial admissions are not evidence, but have the effect of removing a fact from contention. *Id.* It is within my discretion to consider statements of fact contained in a brief to be judicial admissions, *American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224,

6

his affidavit that he never received any documents from Baird that said Weisberg was instructing Baird on the buying or selling of stocks or that Weisberg was writing checks out of the account, but this does not rule out any of the account statements because none of them identifies who ordered which transaction. Mr. Clark has failed to rebut the presumption as to the statements mailed to address (3), so they are deemed to be received by him. The only question is whether Mr. Clark had knowledge of a wrongful injury from the receipt of these statements.

Ordinarily, when the plaintiff discovered, or reasonably should have discovered, his injury is a question of fact for the jury. *Federal Signal Corp. v. Thorn Automated Sys., Inc.*, 693 N.E.2d 418, 421 (Ill. App. Ct. 1998). The question may be resolved on summary judgment when, as here, the parties do not dispute the crucial facts, and those facts compel only one conclusion. *Id.* Most of the disputed activity is reflected in the statements sent to addresses (1) and (2), but one allegedly unauthorized check for the amount of $15,000 appears in the March 1994 statement that was mailed to address (3) and presumptively received by Mr. Clark. If the check was unauthorized, as Mr. Clark alleges in his complaint, the account statement gives notice both of the injury, and that it was wrongfully caused. It does not matter that the statements sent

---

227 (9th Cir. 1988), and I do so here. *See also Schraiber v. Knopfler*, 141 B.R. 1000, 1006-07 (Bankr. N.D. Ill. 1992) (citing *American Title Ins. Co.*).

7

to address (3) do not list all of the transactions disputed in this case; he need not have known the full extent of his injury. *Clay*, 727 N.E.2d at 222. Nor is it relevant that the statements do not identify who authorized the check; all Mr. Clark needed to know to determine that he had been wronged was that he did not authorize it himself.

Mr. Clark says that he was shocked when Mr. Weisberg told him in 1996, after an initial investment of $500,000 and earnings of over $4 million, that he was "broke." Mr. Clark was a professional athlete, in his early twenties at the time of the transactions giving rise to this suit; it is conceivable that he did not monitor his finances closely, and a jury could conclude he did not actually know of his injuries. But upon receiving the March 1994 statement, a reasonable person would have noticed an unauthorized check for $15,000, a substantial sum of money even to a person of means. *See Caraluzzi v. Prudential Secs., Inc.*, 824 F. Supp. 1206, 1214 (N.D. Ill. 1993) (holding investor accountable for knowledge of injury from contents of monthly account statement). Moreover, a reasonable person would have noticed that an account into which half a million dollars had been deposited had a balance of only $124.81. This is not something about which reasonable minds could differ. Mr. Clark could argue that he engaged a broker specifically so that he would not have to pay attention to his finances, but in that case his

8

grievance is with Mr. Weisberg, not the defendants.[3] A fiduciary duty between Mr. Clark and Baird excuses a failure on Mr. Clark's part to actively and diligently seek information about his accounts, *Melko*, 580 N.E.2d at 594; if Baird was a fiduciary, it had an obligation to keep Mr. Clark apprised of the activity in his account, *Hagney v. Lopeman*, 590 N.E.2d 466, 468-69 (Ill. 1992). But Baird was not silent here, and it cannot be charged with Mr. Clark's failure to listen when it spoke.[4] Even the existence of a fiduciary duty does not excuse Mr. Clark's inaction in the face of information in his possession. *Melko*, 580 N.E.2d at 594 (holding that statute of limitations began to run when plaintiff possessed documentation that revealed her cause of action, even though plaintiff failed to investigate because defendant was a fiduciary and represented to her that documents were a mere "formality"). The statute of limitations on Mr. Clark's contract and fiduciary duty claims started running when he received the March 1993 account statement, so his actions were time-barred when he filed his

---

[3] This is not a case, like *Wsol v. Great N. Asset Mgmt., Inc.*, 114 F. Supp. 720 (N.D. Ill. 2000), where there was evidence that the defendant had relied on a "dubious, unqualified, understaffed and undercapitalized (never mind corrupt) outfit" to make trades for the plaintiff's account. *See id.* at 724. There is no evidence here that Baird should have known that Mr. Weisberg was corrupt or unqualified, or indeed that he was.

[4] Because Baird "spoke" to Mr. Clark when it sent him account statements, it did not actually conceal the cause of action from him, so § 13-215 cannot apply in any event. *See Barratt v. Goldberg*, 694 N.E.2d 604, 608 (Ill. App. Ct. 1998) (defendant's acts or omissions must actually conceal the cause of action).

9

complaint in October 1999.

### III.

The defendants' motion for summary judgment on Counts I and II is GRANTED. This case is terminated.

ENTER ORDER:

_Elaine E. Bucklo_
Elaine E. Bucklo
United States District Judge

Dated: July 16, 2001